UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
                                       :
MAVERICK FUND, L.D.C., MAVERICK FUND   :
USA, LTD., MAVERICK FUND II, LTD.,     :
MAVERICK NEUTRAL FUND, LTD., MAVERICK  :    13 Civ. 5474 (DLC)
NEUTRAL LEVERED FUND, LTD., MAVERICK   :
LONG FUND, LTD., and MAVERICK LONG     :    OPINION AND ORDER
ENHANCED FUND, LTD.,                   :
                                       :
                  Plaintiffs,          :
          -v-                          :
                                       :
LENDER PROCESSING SERVICES, INC.,      :
DOCX, LLC, JEFFREY S. CARBIENDER,      :
FRANCIS K. CHAN, and LORRAINE BROWN,   :
                                       :
                  Defendants.          :
                                       :
--------------------------------------:
                                       X

APPEARANCES

For the Plaintiffs:

Matthew P. Silben and David A. Thorpe
Dietrich Siben Thorpe
9595 Wilshire Boulevard Suite 900
Beverly, CA 90212

For the Defendants:

Lyle Roberts
Cooley LLP
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004


DENISE COTE, District Judge:

     Defendants in this securities fraud action have moved
pursuant to 28 U.S.C. § 1404(a) to transfer this opt-out action
to the Middle District of Florida, where the related securities
class action is pending.  For the following reasons, the motion
is granted.

BACKGROUND

In 2010, a class action was filed in the Middle District of Florida and assigned to the Honorable Timothy J. Corrigan. <u>City of St. Clair Shores Gen. Employees Ret. Sys. V. Lender Processing Servs., Inc., et al.</u>, No. 10 Civ. 1073 (M.D. Fla.). The defendants are Lender Processing Services, Inc. ("LPS") and two individuals named in this action: Jeffrey Carbiener and Francis Chan. LPS provides mortgage-processing and default-management technology. One of its subsidiaries, DocX, LLC ("DocX"), engaged in improper mortgage document execution practices. The class action complaint alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Judge Corrigan dismissed the complaint for failing adequately to plead scienter in 2012, but granted leave to replead. Eventually a third amended complaint was filed in October 2012. While a motion to dismiss was pending, the parties negotiated a settlement. The court gave preliminary approval to the settlement on July 8, 2013.

On August 1, 2013, seven Maverick entities ("Maverick") opted out of the class action settlement. They had purchased nearly 4 million LPS shares. Because Maverick held a significant number of shares, the parties renegotiated their settlement agreement. The amendment provides up to $900,000 to pay attorneys' fees or litigation expenses incurred in connection with the opt-out litigation. The court gave preliminary approval

to the amended settlement on October 30.  The fairness hearing is scheduled for February 2014.

On August 6, Maverick filed this action in this district. It names DocX and Lorraine Brown as defendants in addition to LPS and individual defendants Carbiener and Chan.  It asserts the same violations of the Securities Exchange Act, as well as violations of the laws of Georgia, Florida, and New York.  At an initial conference on October 18, the parties discussed with the Court the defendants' intent to file this motion for a transfer. The motion was fully submitted on November 22.

DISCUSSION

Section 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  As the Supreme Court recently explained, "[i]n the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a <u>forum</u> <u>non</u> <u>conveniens</u> motion) must evaluate both the convenience of the parties and various public-interest considerations."  <u>Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas</u>, 2013 WL 6231157, at *11 (U.S. Dec. 3, 2013).

> Factors relating to the parties' private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of

unwilling, and the cost of obtaining attendance of
willing, witnesses; possibility of view of premises, if
view would be appropriate to the action; and all other
practical problems that make trial of a case easy,
expeditious and inexpensive.  Public-interest factors
may include the administrative difficulties flowing
from court congestion; the local interest in having
localized controversies decided at home; [and] the
interest in having the trial of a diversity case in a
forum that is at home with the law.  The Court must
also give some weight to the plaintiffs' choice of
forum.

Id. at *11 n.6 (citation omitted).


A. Deference to Plaintiff's Forum Choice

As noted by the Court of Appeals in connection with the

related doctrine of forum non conveniens doctrine, "the degree of

deference given to a plaintiff's forum choice varies with the

circumstances."  Iragorri v. United Technologies Corp., 274 F.3d

65, 71 (2d Cir. 2001) (en banc).  Iragorri instructed that

district courts should locate the degree of deference to be

afforded a plaintiff's forum choice "'on a sliding scale'

depending on the degree of convenience reflected by the choice in

a given case."  Norex Petroleum Limited v. Access Industries,

Inc., 416 F.3d 146, 154 (2d Cir. 2005) (quoting Iragorri, 274

F.3d at 71).  Courts must consider "the totality of circumstances

supporting a plaintiff's choice of forum."  Id.

The more it appears that a domestic or foreign
plaintiff's choice of forum has been dictated by
reasons that the law recognizes as valid, the greater
the deference that will be given to the plaintiff's
forum choice.  Stated differently, the greater the
plaintiff's or the lawsuit's bona fide connection to

4

the United States and to the forum of choice and the
more it appears that considerations of convenience
favor the conduct of the lawsuit in the United States,
the more difficult it will be for the defendant to gain
dismissal for <u>forum non conveniens</u>. . . . On the other
hand, the more it appears that the plaintiff's choice
of a U.S. forum was motivated by forum-shopping reasons
. . . the less deference the plaintiff's choice
commands and, consequently, the easier it becomes for
the defendant to succeed on a <u>forum non conveniens</u>
motion by showing that convenience would be better
served by litigating in another country's courts.

<u>Iragorri</u>, 274 F.3d at 71-72.

In this case, Maverick's choice to file suit in this

district is entitled to limited deference.  On the one hand,

defendants do not allege, nor does there appear to be any

indication, that Maverick's venue choice was motivated by

improper forum shopping.  Maverick has an office in this district

and its investment professionals are located here.  Its venue

choice is based on a bona fide connection to this district.

On the other hand, the deference afforded that choice will

be tempered by the following.  Maverick has not attempted to show

that the critical decisions regarding this litigation will be

made in New York.  The Maverick plaintiffs are managed by

Maverick Capital Ltd., whose headquarters and principal place of

business are located in Texas.  Maverick is represented by

California counsel.  And significantly, the operative events that

drive this litigation occurred in Florida.

5

B. Weighing of Section 1404(a) Factors

Having determined the deference appropriate to the plaintiff's choice of forum, a district court then considers the remaining Section 1404(a) factors.  In doing so, it evaluates both the "parties' private interests" and "various public-interest considerations" and "decide[s] whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'"  <u>Atlantic Marine Const. Co., Inc.</u>, 2013 WL 6231157, at *11 & n.6 (quoting § 1404(a)).

Virtually all of the critical events that will need to be explored in this litigation occurred in the Middle District of Florida.  That is where the defendants prepared the SEC filings, press releases, and earnings call statements that give rise to allegations that the defendants engaged in fraud.  The May 2010 annual shareholder meeting, which plaintiffs cite in their complaint, also occurred in Florida.  As a result, not surprisingly, that is where key witnesses and documents are located.  The headquarters of LPS are in Jacksonville, Florida.  The officers of DocX reside in or around Jacksonville, although the company's offices were located in Alpharetta, Georgia.

The complaint refers in general terms to meetings in New York, but does not identify any such meetings.  Maverick has not

6

identified any New York witness who has material evidence to provide regarding the allegations in its complaint.

The only non-party witness of significance identified by any party, Parag Bhansali, lives in Florida.  One defendant, Mr. Chan, now resides in California, but maintains a home in Florida.

While both this Court and Judge Corrigan can be expected to be familiar with federal securities law and the law of our forum states, Judge Corrigan has spent three years acquiring familiarity with the allegations regarding the specific fraud at issue here.  This Court has none.  Judge Corrigan has already addressed the merits of the class action complaint.  Since Maverick's complaint in this action draws heavily on the class action complaint, it would be far more efficient for Judge Corrigan to supervise this related action as well.  On the other hand, it appears that the class action will be resolved shortly, and there would be no added efficiency from supervising discovery in two related cases (assuming that Maverick's complaint survives any motion to dismiss that may be filed).

As Maverick points out, the corporate defendants appear able to litigate this action in New York.  Although LPS has no executive office in New York, it has 21 employees located in the state, and its employees travel to New York for business.  It has retained counsel from Washington, D.C.  LPS and DocX are now engaged in litigation in New York concerning the illegal

document-signing scheme.  They are named in an action filed in New York State court and in two actions filed in this district. None of these actions, however, assert securities fraud claims.

But, balanced against this, Maverick will also be able to afford litigation in Florida.  Maverick Capital Ltd. is a very substantial business.  It has chosen to retain California counsel despite an abundance of counsel in both New York and Florida.

In sum, although Maverick's choice of forum is entitled to some deference, the defendants have overcome the presumption created by that deference.  The most critical discovery in this action would take place in Florida, where related litigation is pending.  A federal judge in Florida has already made a substantial commitment to the supervision of litigation over the scheme alleged here.  Maverick has not shown that it will be inconvenienced in any significant way by litigating its claims where the alleged fraud occurred.

CONCLUSION

The defendants' November 1, 2013 motion to transfer is granted.  The Clerk of Court shall transfer this action to the Middle District of Florida.


        SO ORDERED:

Dated:     New York, New York
           December 9, 2013

                                _____
                                      DENISE COTE
                                United States District Judge